17-669 (L)
Federal Trade Commission v. Rensin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand and nineteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Federal Trade Commission,

> *Plaintiff-Appellee,*

v.

Joseph K. Rensin,

> *Defendant-Appellant,*

Bluehippo Funding, LLC, Bluehippo Capital, LLC,

> *Defendants.*

17-669-cv (L)
17-1587-cv (CON)

---

*For Appellant*:      JEFFREY J. MOLINARO, Fuerst Ittleman David & Joseph, PL, Miami, FL (Joseph A. DiRuzzo, III, *on the brief*, Joseph A. DiRuzzo, III, P.A., Ft. Lauderdale, FL)

*For Appellee:* IMAD D. ABYAD, (Theodore (Jack) Metzler, attorney, Michele Arington, attorney, *on the brief*), Assistant General Counsel, Federal Trade Commission, Washington, DC

Appeals from March 6 and March 28, 2017 orders of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's orders are **VACATED**.

Joseph Rensin appeals from two orders entered by the United States District Court for the Southern District of New York (Crotty, *J.*). The March 6, 2017 order determined that the automatic bankruptcy stay imposed by Rensin's Chapter 7 bankruptcy did not apply to efforts to enforce the district court's orders under the "governmental unit" exception of 11 U.S.C. § 362(b)(4) and that the district court was, therefore, not barred from deciding whether to hold Rensin in contempt. The March 28, 2017 order holds Rensin in contempt for his failure to comply with a final judgment of the district court imposing compensatory contempt sanctions in the amount of $13,400,627.60. The two appeals were consolidated for disposition by order of this Court dated January 16, 2019. We assume the parties' familiarity with the issues and arguments on appeal.

Rensin challenges the district court's determination with respect to the automatic stay, asserting that the contempt proceedings constitute the enforcement of a money judgment and therefore fall outside of the "governmental unit" exception to the automatic stay. *See* 11 U.S.C. § 362(b)(4). As a result, Rensin asserts, the

contempt order is void because it violates the automatic bankruptcy stay, and in the

alternative, violates a temporary stay issued by our court on March 27, 2017.

We conclude that the district court's order of March 6, 2017, finding that the

automatic bankruptcy does not apply to the contempt proceeding, is final and

therefore reviewable. The only issue in this case is whether the district court's

disposition of the Federal Trade Commission's (FTC's) attempt to pursue a contempt

order, holding Rensin in coercive incarceration until he pays the $13.4 million

judgment, amounts to the "enforcement of a . . . money judgment" and therefore falls

outside of the governmental unit exception and violates the automatic stay.[1] We

conclude that it does. *See SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) ("[While]

the governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment

against a debtor . . . *anything beyond the mere entry of a money judgment* against a

debtor is prohibited by the automatic stay.").

The "governmental unit" exception to the automatic stay provides:

The filing of a petition under section 301, 302, or 303 of this title . . . does
not operate as a stay . . . of the commencement or continuation of an
action or proceeding by a governmental unit . . . to enforce such
governmental unit's or organization's police and regulatory power,
including the enforcement of a judgment other than a money judgment,
obtained in an action or proceeding by the governmental unit to enforce
such governmental unit's or organization's police or regulatory power[.]

11 U.S.C. § 362(b)(4). Here, the purpose in seeking the entry of the contempt order

---

[1] We note that the FTC requested that the district court stay enforcement of coercive incarceration until after Rensin's bankruptcy proceedings had completed. That stay would make no difference in our analysis. The issue in this case is whether the district court could, without violating the automatic stay, enter the contempt order in the first place, regardless of whether it then stayed enforcement of that order.

was simply to enforce a money judgment that had already been entered against Rensin.

We have noted that "[w]e did not intend in *Brennan* to impose a one-factor timing test whereby . . . orders entered (or with continuing force) post-judgment are always subject to the stay," but we have also said that "the timing of the order's entry constitutes a crucial factor in our analysis." *SEC v. Miller*, 808 F.3d 623, 633 (2d Cir. 2015). Here, not only was the FTC's request for a contempt order filed after entry of judgment, it also had no other purpose than to enforce the money judgment against Rensin. Although it is clear the FTC filed its request for an order of contempt before Rensin filed his bankruptcy petition, once the automatic stay was in place, the district court was prohibited from disposing of that request while Rensin's bankruptcy remained pending. For that reason, the district court's conclusion that it could, and indeed did, decide the contempt issue under the governmental unit exception was erroneous because the contempt proceeding was an attempt to enforce the money judgment.

In disposing of the appeals as we have, we express no view as to the FTC's ability to collect the $13.4 million judgment against Rensin after the conclusion of his bankruptcy proceedings. Accordingly, the district court's orders are **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4